UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Antoinette Reynolds,                        Case No. 23-cv-00331 ADM/TNL

            Plaintiff,

v.

Officer Matthew Clark, individually
and in his official capacity and the
Metropolitan Airports Commission,

            Defendants.

## PROPOSED PROTECTIVE ORDER

1. **Definitions**. As used in this protective order:

    (a) "attorney" means an attorney who has appeared in this action, or the attorney's partner, associate, or staff;

    (b) "confidential document" means a document designated as confidential under this protective order;

    (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (d) "document" means all materials within the scope of Fed. R. Civ. P. 34(a)(1)(A) disclosed or produced in discovery;

    (e) "notice" or "notify" means written notice;

(f) "party" means a party to this action;

(g) "outside vendors" means messenger, copy, coding, or other clerical-services vendors not employed by a party or its Attorneys; and

(h) "protected document" means a document protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential to protect information the party or non-party contends is confidential, proprietary, or otherwise within the scope of Fed. R. Civ. P. 26(c).

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

   (1) on the record at the deposition or

   (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) Depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3. Who May Receive a Confidential Document.**

(a) All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their

       contents to any person other than someone authorized or entitled to access it herein. Any other use is prohibited.

  (b)    Access to any Confidential document shall be limited to:

      (1)    the court and its staff;

      (2)    an attorney and their Outside Vendors;

      (3)    a person shown on the face of the confidential document to have authored or received it;

      (4)    a court reporter or videographer retained in connection with this action;

      (5)    a party (subject to paragraph 3(c)); and

      (6)    any person who:

          (A)    is retained to assist a party or attorney with this action; and

          (B)    executes a "Written Assurance" in the form attached as Exhibit A.

  (c)    A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

  (d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4.**    **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5.**    **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may,

promptly upon discovery of its oversight, provide written notice of the error and produce a copy of the document designated as confidential.

6. **Use of a Confidential Document in Court.**

    (a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6. All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

    (b) Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party asserting a document is confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8.** **Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must:

        (1)    return or destroy all confidential documents; and

        (2)    notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    (b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9.** **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.** **Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

12. **Modification**. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. **Waiver**. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

Dated: _____

                                                          Hon. Tony N. Leung  
                                                          United States Magistrate Judge